IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

THOMAS E. PEREZ,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

      Plaintiff,

v.

THOMAS RAMSBURG, TMR, INC., and
TMR, INC. 401(K) PLAN

      Defendants.

---

Civil Action

No.

## COMPLAINT

Thomas E. Perez, Secretary of Labor, United States Department of Labor ("the Secretary"), hereby alleges:

### Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. TMR, Inc. 401(k) Plan (the "401(k) Plan" or the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject

to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is administered in Broomall, Pennsylvania.

4. Venue with respect to this action lies in Eastern District of Pennsylvania, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### The Parties

5. The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6. TMR, Inc. ("the Company") is the Plan Sponsor and Plan Administrator of the Plan. At all relevant times, the Company exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Plan. The Company is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C).

7. At all relevant times, Thomas Ramsburg ("Ramsburg") was the sole owner and Chief Operating Officer ("CEO") of the Company, as well as trustee of the Plan. Rambsurg made decisions regarding the Plan, including decisions as to the disposition of plan assets, and performed functions of the Plan Administrator. At all relevant times, Ramsburg exercised discretionary authority and discretionary control respecting management of the Plan, exercised

authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Plan. Ramsburg is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A), (E) and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A), (E), and (H).

8. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## General Allegations

9. The Company established the 401(k) Plan in 1998. The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

10. For certain payroll periods between January 11, 2008 and January 7, 2011 ("the relevant period"), the Company deducted money from the participants' pay as participant loan repayments to the Plan. The company then failed to remit the aforementioned participant loan repayments to the Plan. During the relevant period, the Company remitted certain participant loan repayments late without interest.

11. Unremitted participant loan repayments are assets of the Plan within the meaning of ERISA. Defendants Ramsburg and the Company failed to segregate the Plan assets from the general assets of the Company.

12. Ramsburg failed to ensure that the Plan assets described in paragraphs 10 and 11, *supra*, were collected by the Plan.

13. Ramsburg and the Company participated knowingly in or knowingly undertook to

conceal acts or omissions by each other that they knew to be violations of ERISA.

14.  Ramsburg and the Company each failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and each thereby enabled the other to commit breaches of ERISA.

15.  Both Ramsburg and the Company knew that the other had violated ERISA, but did not make reasonable efforts under the circumstances to remedy the breaches.

<u>**Violations**</u>

16.  Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-15 inclusive.

17.  By the actions and conduct described in paragraphs 1-12, defendants Ramsburg and the Company, as fiduciaries of the Plan:

    a.    failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

    b.    failed to ensure that the assets of the Plan did not inure to the benefit of the company in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

    c.    failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

    d.    failed to discharge their duties with respect to the Plan solely in the

interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

e. caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

f. dealt with assets of the Plan in their own interest or for their own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b) (1).

18. Alternately, by participating knowingly in the fiduciary breaches of one another, knowing such acts or omissions to be breaches of fiduciary duty, Ramsburg and the Company are each liable for the other's breaches of fiduciary responsibility, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

19. Alternately, by failing to comply with the Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibility and each thereby enabling the other to commit a breach of ERISA, Ramsburg and the Company are liable for each other's breaches of fiduciary responsibility, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

20. Alternately, Ramsburg and the Company, as fiduciaries of the Plan, by failing to make reasonable efforts under the circumstances to remedy the breaches of which they had

5

knowledge, are each liable for the other's fiduciary breaches, pursuant to Section 405(a) (3) of ERISA, 29 U.S.C. § 1105(a)(3).

### Prayer for Relief

21. WHEREFORE, the Secretary prays that this Court issue an order:

   a. Ordering the defendants to restore to the Plan all losses, including interest or lost opportunity costs and the costs of the independent fiduciary, which were caused by their fiduciary misconduct;

   b. Requiring the Plan to set off any individual account balance of Ramsburg against the amount of losses, including interest or lost opportunity costs and the costs of the independent fiduciary, resulting from his fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), and reallocate it to the non-breaching participants, if the losses are not otherwise restored to the Plan by defendants;

   c. Removing Ramsburg and the Company as fiduciaries of the Plan and of any employee benefit plan for which Ramsburg and the Company act as fiduciaries;

   d. Permanently enjoining Ramsburg and the Company from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

   e. Permanently enjoining Ramsburg and the Company from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

   f. Appointing an independent fiduciary with plenary authority and control with

respect to the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan and to pursue claims on behalf of the Plan, with all costs to be borne by the defendants;

g. Ordering the defendants, their agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and to the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

h. Awarding plaintiff, the Secretary, the costs of this action; and

i. Awarding such other relief as is equitable and just.

Respectfully Submitted,

Post Office Address:

M. Patricia Smith
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
Phone: (215) 861-5144
Fax: (215) 861-5162

Catherine Oliver Murphy
Regional Solicitor

_____
Jessica R. Brown
Attorney

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff