IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

THOMAS E. PEREZ,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

            Plaintiff,        Civil Action

v.        No. 13-5073

THOMAS RAMSBURG, TMR, INC., and
TMR, INC. 401(K) PLAN

            Defendants.

---

## CONSENT JUDGMENT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), has filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging certain violations by Defendant Thomas Ramsburg ("Ramsburg") and Defendant TMR, Inc. ("TMR") (hereinafter jointly, "Defendants"). The TMR, Inc. 401(k) Plan ("Plan") was joined as a party defendant under Fed. R. Civ. P. 19(a) solely to assure that complete relief could be granted.

Counsel for the Secretary has engaged in settlement discussions with counsel for Defendants. The Secretary and Defendants have agreed to resolve this case without further litigation. Defendants admit to the jurisdiction of this Court over them and the subject matter of this action. Defendants further waive answering the Complaint, and consent to the entry of this Consent Judgment against them by this Court, the terms of which are set forth herein:

1.     The Secretary's Complaint alleges that Defendants violated Sections 403, 404, 405 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, 1105, and 1106.

2.      For purposes of this Consent Judgment, Defendants admit that the Court has jurisdiction over them and the subject matter of this action.

3.      The Secretary has agreed to resolve all claims asserted in the Complaint against Defendants for the equitable relief set forth below.

4.      The Secretary and Defendants understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Defendants of any defenses, legal or equitable, to any such future action.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

  a. For purposes of this Consent Judgment, the parties agree that the Court has jurisdiction over the Defendants and this proceeding, and that venue in this Court is proper.

  b. Defendants shall jointly and severally, restore $13,486.80 in plan assets and $4,579.62 in pre-judgment interest to the Plan in restitution in monthly installments as detailed in the attached Schedule A. Defendants shall immediately ensure that this restitution to the Plan is allocated and distributed to the appropriate Plan participants in amounts necessary to restore their losses incurred as a result of the missing and late contributions at issue. The restitution owed Defendant Ramsburg will be paid after the other Plan participants are made whole.

c. In the event that Defendants fail to make any installment payment, the entire balance then owing, plus interest to be calculated at the post-judgment rate of interest in effect at the time of the entry of this Consent Judgment and reasonable attorneys' fees, shall become immediately due and payable.

d. Defendants shall ensure that the payments to the participants are designated as plan assets and that participants are given the option of a direct Individual Retirement Account ("IRA") rollover. If Defendants are unable to locate any Plan participant who is owed a distribution, they shall establish an IRA for that individual to hold that individual's distribution while they take all reasonable and necessary steps to locate the individual, in accordance with EBSA Field Assistance Bulletin 2004-02. Any costs associated with locating participants, and the allocation and distribution of this restitution shall be paid by Defendants, and in no event shall any such costs be deducted from the $18,066.42 that Defendants must restore to the Plan and allocate to the Participants.

e. Defendants shall provide written confirmation to EBSA, within one hundred and five days of the entry of this Consent Judgment, that the restitution and distributions required by this Consent Judgment have been made. Such written confirmation shall include a copy of all bank statements, checks, IRA statements, or any other information and documents deemed necessary by EBSA to confirm compliance with this Consent Judgment. This written confirmation shall be provided to the Regional Director at EBSA, Washington District Office, 1335 East West Highway, Suite 200, Silver Spring Maryland 20910.

3

f.  Defendants shall initiate the termination of the Plan in accordance with ERISA within ninety days of the date of this Consent Order and Judgment. The Defendants' responsibilities shall include, but not be limited to, causing the distribution of the Plan's assets to the plan participants and filing all appropriate documents with the various government agencies. In accordance with the Plan's governing documents, any expenses related to the termination of the Plan can be paid out of the assets of the Plan. Within one hundred and five days of the entry of this Consent Order and Judgment, the Defendants shall provide satisfactory proof of such termination to the Regional Director at 1335 East West Highway, Suite 200, Silver Spring, MD 20910.

g.  Upon receiving proof of the restitution payment, the Secretary shall assess a penalty against Defendants in the amount of $3,613.28 which represents 20 percent of the applicable recovery amount of $18,066.42 pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). Defendants waive their rights to contest said penalty but preserve their rights to request a penalty waiver. Unless Defendants apply for a waiver, Defendants shall pay the penalty within ten (10) days of receipt of the notice of assessment. If Defendants apply for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3), and are denied such waiver by the Secretary, Defendants shall pay any applicable penalty amount within ten (10) days of the Secretary's denial.

h.  Upon EBSA's receipt of the written confirmation required by Paragraphs e and f of this Consent Judgment, Defendants are permanently enjoined from serving as trustee, fiduciary, advisor, or administrator to any employee benefit plan subject to ERISA.

4

Specifically, Defendants are permanently enjoined from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

i. Defendants are permanently enjoined from violating any provisions of ERISA in the future.

j. If either Defendant files for any form of bankruptcy prior to the full payment of restitution to the Plan, Defendants will not oppose any proof of claim that the Secretary files in the bankruptcy proceeding for any amount still owing.

k. If Defendant Ramsburg files for any form of bankruptcy prior to the full payment of restitution to the Plan, Defendant Ramsburg will not oppose an adversarial action that the Secretary may file to have the debt to the Plan declared non-dischargeable.

l. The Secretary and Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this procceding, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

m. This Consent Judgment shall operate as a final disposition of all claims asserted by the Secretary against Defendants in the Complaint.

n. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

o. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

5

p. The Court directs the entry of this Consent Judgment as a final order for the Plaintiff Secretary of Labor and against Defendants.

Date: 9-3-2013

Defendant Thomas Ramsburg and Defendant TMR, Inc.
waive filing answer and
consent to entry of this Consent Judgment

By: Joel Horowitz
McCarter & English, LLP
Counsel for Defendants

BNY Mellon Center
1735 Market St., Suite 700
Philadelphia, PA 19103-7501
Phone (215) 979-3830

_____
United States District Judge

M. Patricia Smith
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Joanne Roskey
Counsel for ERISA

Jessica R. Brown
Trial Attorney

Office of the Solicitor
170 S. Independence Mall West
Suite 630 E, The Curtis Center
Philadelphia, PA 19147
(215) 861-5144

U.S. DEPARTMENT OF LABOR

6